UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARIN ANYA COE, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-00001-JMS-MJD |
| PATRICK R. DONAHOE, | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Amend her Complaint [Dkt. 19] and Defendant's Motion for Enlargement of Time to File Rule 12(b)/12(c) Motions [Dkt. 23]. The Court, having considered Plaintiff's motion to amend the Complaint and Defendant's objections thereto, finds that the motion should be **GRANTED**. Plaintiff's amendment is read by the Court to add to Plaintiff's claims a cause of action for violation of the Family Medical Leave Act ("FMLA")[1]. With regard to Plaintiff's proposed FMLA claim, there are facts set forth in Plaintiff's Complaint which could provide a basis for such claim. [Dkt. 1 at 2.]

The Court's approach in this matter is guided by the liberal pleading requirements for *pro se* litigants articulated by the

---

[1] The Motion to Amend also references a claim for "Reasonable Accommodations." [Dkt. 19.] However, pending further clarification by the parties through the discovery process, it would appear that such claim is simply an aspect of Plaintiff's previously asserted claim under the Americans with Disabilities Act. [Dkt. 1 at 2.]

Seventh Circuit in *Hudson v. McHugh,* 148 F.3d 859 (7th Cir. 1998)

> Because a denial of a properly filed motion to amend would be an abuse of discretion, the only question left for us is whether Hudson's *improperly* filed papers keep him out of court. Our guiding principle is, again, the well-known admonition that district courts must construe pro se pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable. Here, Hudson's amended complaint clearly names the jail officers he thinks are responsible and it alleges that they deprived him of his medicine. Its only deficiencies were technicalities-he failed to shade and redline certain allegations-and the inclusion of legal argument, which could have been stricken. Because these technical defects didn't prevent the district court from understanding Hudson's amendment, we think the district judge abused her discretion in refusing to grant leave to amend.

*Id.* at 864; *see also Greer v. Bd. of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). While the facts set forth by Plaintiff are minimal, the Court finds they are sufficient at this stage to provide Defendant a basis to begin its defense of the case and that any defects engendered by the amended allegations are technical at worst. Furthermore, Defendant's allegations of futility do not even address the FMLA claim. [Dkt. 22 at 5.] Accordingly, the Court finds that Plaintiff's Motion to Amend [Dkt. 19] should be **GRANTED** and Plaintiff's Complaint is deemed amended as of the date of this Order.

As to Defendant's Motion for Enlargement of Time to File Rule 12(b)/12(c) Motions [Dkt. 23], the Court finds

that motion to be well taken and that motion will be **GRANTED** as well; accordingly, paragraph H of the Court's Minute Entry/scheduling order dated June 17, 2011 [Dkt. 16) in hereby amended to provide as follows: "By no later than **September 12, 2011**, any party who believes that the pleadings either are improper under Federal Rule of Civil Procedure 12(b) or establish (non)liability under Federal Rule of Civil Procedure 12(c) must file a motion to that effect." All other requirements of the Court's scheduling order remain in full force and effect.

Dated: 08/17/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

KARIN ANYA COE
406 Orange Street
Indianapolis, IN 46225